**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SOLO CUP OPERATING CORPORATION, | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ECO-PRODUCTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADE DRESS INFRINGEMENT, DILUTION, DECEPTIVE TRADE PRACTICES, UNFAIR COMPETITION AND UNJUST ENRICHMENT**

**NOW COMES** Plaintiff, Solo Cup Operating Corporation ("Solo Cup"), by and through its attorneys, and alleges for its Complaint against Defendant, Eco-Products, Inc. ("Eco-Products"), the following:

**NATURE OF THE ACTION**

1. This Complaint seeks injunctive relief and damages for Eco-Products' trade dress infringement, false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a) (Count I), dilution pursuant to 15 U.S.C. § 1125(c) (Count II); violation of the Illinois Uniform Deceptive Trade Practices Act (Count III); common law unfair competition (Count IV); and unjust enrichment (Count V).

**PARTIES**

2. Plaintiff Solo Cup is a Delaware corporation having its principal place of business at 150 South Saunders Road, Suite 150, Lake Forest, Illinois 60045.

3. On information and belief, Defendant Eco-Products is a Colorado corporation having its principle place of business at 4755 Walnut Street, Boulder, Colorado 80301.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Counts I and II of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the claims therein arise under the laws of the United States and relate to trademarks and unfair competition. This Court also has supplemental jurisdiction over Counts III, IV and V under 28 U.S.C. §§ 1338(b) and 1367 because these claims are substantial and related to the claims in Counts I and II under the United States trademark and unfair competition laws.

5. This Court has personal jurisdiction over Eco-Products under the Illinois Long-Arm Statute, 735 ILCS 5/2-209, because it has committed tortious acts within the State of Illinois, and it regularly conducts business in the state of Illinois, including this judicial District. Further, this Court's exercise of personal jurisdiction over Eco-Products complies with the Due Process requirements of the United States Constitution and the Illinois Constitution.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

### Solo Cup's Trademark Rights

7. Beginning in the early 1990s, Innoware Plastic, Inc. ("Innoware"), which later became acquired by and merged with Solo Cup[1], began developing a single-use plastic container for use with temporarily storing food products, such as take-out food from restaurants. Innoware

---

[1] The combined Solo Cup/Innoware entity is referred to herein as either "Solo Cup" or "Innoware/Solo Cup"

sought to impart a unique appearance to this container that would stand out and apart from other containers then being sold in the packaging marketplace. After considerable research, development and design, Innoware adopted a distinctive container configuration, which it named the "OctaView®" container. The OctaView® container included a distinctive eight-sided base and lid. A photograph of one of Innoware's OctaView® containers is attached hereto as Exhibit A. This overall design of Innoware's OctaView® containers is referred to herein as the "OctaView® Trade Dress."

8. The OctaView® Trade Dress embodies a non-functional, uniquely chiseled, eight-sided, angular appearance that, prior to its introduction, was previously unknown to the packaging marketplace.

9. Today, and long prior to any of the acts of Eco-Products complained of herein, the OctaView® Trade Dress is a symbol, signature, trademark and trade dress of Innoware/Solo Cup.

10. Since at least as early 1993, Innoware/Solo Cup has continually, substantially and exclusively used the OctaView® Trade Dress in United States commerce as a source of origin for the OctaView® products. The OctaView® Trade Dress has been in continuous use in commerce by Innoware long prior to any of the acts of Eco-Products complained of herein.

11. By virtue of Innoware's and Solo Cup's long use, substantial marketing efforts and substantial sales, Innoware/Solo Cup has developed valuable goodwill and reputation in the OctaView® Trade Dress among the relevant purchasing public, including the public within the Northern District of Illinois, which has come to know, recognize, identify and associate the distinctive look and appearance of the OctaView® Trade Dress as products originating with Innoware/Solo Cup. The OctaView® Trade Dress therefore functions as a source identifier.

12. The identifying appearance of the OctaView® Trade Dress constitutes protectable trade dress.

13. The OctaView® Trade Dress is owned by Solo Cup.

14. Also, as a result of extensive sales, marketing and promotion of the OctaView® Trade Dress by Innoware/Solo Cup, the OctaView® Trade Dress has become famous.

15. Innoware/Solo Cup has not licensed or granted to Eco-Products authority, permission or any other right to make, use, sell, offer to sell, import or otherwise use any containers or other products embodying or using any the OctaView® Trade Dress.

**Eco-Products' Unlawful Activities**

16. In October 2009, Eco-Products' then Vice President of Operations, Ted Rulbolt, inquired about Innoware becoming a contract manufacturer for Eco-Products. Under this proposed contract manufacturing arrangement, Eco-Products desired for Innoware to manufacture and sell to Eco-Products the OctaView® containers.

17. In response to Eco-Products' request, Innoware informed Eco-Products that Innoware was not interested in becoming a contract manufacturer for Eco-Products for the OctaView® containers.

18. Despite being told that Innoware would not become a contract manufacturer for Eco-Products, Eco-Products has proceeded to market, promote, offer for sale and, on information and belief, manufacture (or have manufactured) and sell plastic take-out containers in interstate commerce (which Eco-Products calls an "Octagon Container With Lid"), which are virtually or identically the same size, shape, look and feel of the OctaView® Trade Dress (the "Infringing Products"). See, for example, Eco-Products' product catalog at page 1, which is available online

at http://www.ecoproducts.com/va-cms/products_catalog.html, and which is also attached hereto as Exhibit B.

19. Upon information and belief, upon learning that Innoware would not supply OctaView® containers to Eco-Products, Eco-Products knowingly set out to knock-off the OctaView® containers so that it could unfairly compete with Innoware in the marketplace.

20. The Infringing Products are sold and offered for sale in direct competition with Solo Cup's products. Eco-Products' actions in adopting and using the OctaView® Trade Dress in interstate commerce were and are made and maintained with willful and deliberate intent to trade off of and capitalize on the goodwill and reputation generated by Innoware/Solo Cup and symbolized by the OctaView® Trade Dress.

21. By carrying on its unlawful activities using the OctaView® Trade Dress, Eco-Products has and is falsely designating the origin of the Infringing Products such that the public is likely to believe that Eco-Products and/or the Infringing Products are connected with, sponsored by, affiliated with, or approved by Innoware/Solo Cup. Eco-Products' conduct infringes and dilutes the trademark rights of Innoware/Solo Cup.

22. The Infringing Products are identical or confusingly similar to the OctaView® Trade Dress.

23. Upon information and belief, Eco-Products' activities are damaging Innoware/Solo Cup by causing loss of actual and/or potential sales of its OctaView® products.

**COUNT I**
**TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION , 15 U.S.C. § 1125(a)**

24. Solo Cup hereby incorporates and re-alleges paragraphs 1-23 as if fully set forth herein.

25.     As a complete and first ground for relief, Solo Cup hereby charges Eco-Products with trade dress infringement, false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

26.     Eco-Products' acts complained of herein are likely to cause confusion, mistake or to deceive consumers as to the affiliation, connection or association of Eco-Products with Innoware/Solo within the meaning of 15 U.S.C. § 1125(a).

27.     Eco-Products' acts complained of herein are likely to cause confusion, mistake or to deceive consumers as to the origin, sponsorship or approval of the Infringing Products within the meaning of 15 U.S.C. § 1125(a).

28.     Eco-Products' aforesaid false and misleading representations are causing Solo Cup irreparable harm for which it has no adequate remedy at law.

29.     Unless and until Eco-Products' unlawful conduct is restrained and enjoined by this Court, Solo Cup will continue to suffer irreparable harm and the consuming public will continue to suffer under a likelihood of confusion.

## COUNT II
## TRADEMARK DILUTION, 15 U.S.C. § 1125(c)

30.     As a complete and second ground for relief, Solo Cup hereby charges Eco-Products with trademark dilution in violation of 15 U.S.C. § 1125(c), and re-alleges and incorporates herein by this reference paragraphs 1 through 29 of this Complaint.

31.     Over many years, Innoware/Solo Cup has made substantial sales of its OctaView® products embodying the OctaView® Trade Dress, has conducted considerable promotion and advertising of its goods using the OctaView® Trade Dress, and has made extensive and exclusive

use of the OctaView® Trade Dress. These efforts have caused the OctaView® Trade Dress to become famous throughout the United States and elsewhere.

32. Eco-Products' actions in adopting and using the OctaView® Trade Dress in connection with the Infringing Products is junior to Innoware's/Solo Cup's senior use of the OctaView® Trade Dress, and causes dilution to the distinctiveness of the OctaView® Trade Dress. Such actions by Eco-Products occurred after the OctaView® Trade Dress became famous.

33. The aforesaid conduct of Eco-Products is made and maintained with the willful and deliberate intent to trade off of Innoware's/Solo Cup's goodwill and reputation built in the OctaView® Trade Dress, and to cause dilution of the famous OctaView® Trade Dress.

34. The aforesaid conduct of defendant constitutes dilution under 15 U.S.C. § 1125(c).

35. Unless and until Eco-Products' dilution is restrained and enjoined by this Court, Solo Cup will continue to suffer damages and irreparable harm resulting therefrom.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILCS § 510/1 ET SEQ.

36. As a complete and third ground for relief, Solo Cup hereby charges Eco-Products with violating the Illinois Uniform Deceptive Trade Practices act, 815 ILCS 510/1, et seq., and re-alleges and incorporates herein by this reference paragraphs 1 through 35 of this Complaint.

37. Eco-Products intentionally, willfully and unlawfully simulated and appropriated Solo Cup's rights and the OctaView® Trade Dress, by advertising, promoting, selling and offering to sell the Infringing Products.

38. Eco-Products' intentional and willful acts have unfairly deceived the public, causing confusion and mistake as to the proper origin of the Infringing Products in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq.

39. Unless and until Eco-Products' deceptive trade practices are restrained and enjoined by this Court, Solo Cup will continue to suffer damages and irreparable harm resulting therefrom.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

40. As a complete and fourth ground for relief, Solo Cup hereby charges Eco-Products with common law unfair competition and re-alleges and incorporates herein by this reference paragraphs 1 through 39 of this Complaint.

41. Eco-Products has, by careful consideration and planning, intentionally promoted the Infringing Products to consumers through the use of the OctaView® Trade Dress so as to confuse and deceive consumers and obtain the acceptance of the Infringing Products based on the merit, reputation and goodwill of Innoware/Solo Cup.

42. In addition, Eco-Products has misappropriated and unlawfully exploited the valuable property rights and goodwill of Innoware/Solo Cup and the OctaView® Trade Dress through its use of a confusingly similar trade dress.

43. Unless and until Eco-Products' unfair competition is restrained and enjoined by this Court, Solo Cup will continue to suffer damages and irreparable harm resulting therefrom.

## COUNT V
## UNJUST ENRICHMENT

44.     As a complete and fifth ground for relief, Solo Cup hereby charges Eco-Products with unjust enrichment and re-alleges and incorporates herein by this reference paragraphs 1 through 43 of this Complaint.

45.     The acts of Eco-Products complained of herein constitute unjust enrichment of Eco-Products at Solo Cup's expense.

## PRAYER FOR RELIEF

WHEREFORE, Solo Cup requests that this Court:

A. adjudge that Eco-Products:

    i. infringed the OctaView® Trade Dress, has made false designation of origin and engaged in unfair competition, in violation of 15 U.S.C. § 1125(a);

    ii. engaged in trademark dilution in violation of 15 U.S.C. § 1125(c);

    iii. violated the Illinois Uniform Deceptive Trade Practices act, 815 ILCS 510/1, et seq.;

    iv. engaged in common law unfair competition; and

    v. was unjustly enriched.

B. enjoin Eco-Products, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all person in active concert and participation with it who receive notice from:

    i. marketing, offering for sale or selling the Infringing Products or any other trade dress confusingly similar to the OctaView® Trade Dress;

    ii. diluting Solo Cup's famous OctaView® Trade Dress;

    iii. engaging in Deceptive Trade Practices against Solo Cup; and

    iv. engaging in unfair competition against Solo Cup.

C. direct Eco-Products to deliver to this Court for destruction, pursuant to 15 U.S.C. § 1118, the Infringing Products and be required to recall all products that are confusingly similar to the OctaView® Trade Dress;

D. direct Eco-Products to provide an accounting of all profits received from the sale of the Infringing Products and pay Solo Cup the same;

E. direct Eco-Products to pay Solo Cup its damages incurred as a result of Eco-Products' trade dress infringement, dilution, deceptive trade practices, unfair competition and unjust enrichment;

F. award Solo Cup its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 815 ILCS 510/1 et seq.;

G. award to Solo Cup treble damages as exemplary damages; and

H. award Solo Cup such further relief that this Court deems proper and just.

## **JURY DEMAND**

Solo Cup hereby demands a trial by jury on all issues triable of right by a jury.

Dated: June 16, 2010                             Respectfully submitted,

                                                 SOLO CUP OPERATING CORPORATION

                                        By:      /s/ Douglas M. Eveleigh
                                                 Douglas M. Eveleigh, ARDC No.  6255900
                                                 Robert F. Goldman, ARDC No. 6298855
                                                 Marie K. Wade, ARDC No. 6301115
                                                 Solo Cup Operating Corporation
                                                 150 S. Saunders Road, Suite 150
                                                 Lake Forest, IL 60045
                                                 (847) 444-3479

*ATTORNEYS FOR PLAINTIFF SOLO CUP OPERATING CORPORATION*

**EXHIBIT A**



**EXHIBIT B**



Infringing Products